**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBIN M. LEE,<br><br>             Plaintiff(s),<br><br>vs.<br><br>THE HAWAII BAR ASSOC., et al.,<br><br>             Defendant(s). | Case No. 2:13-cv-01781-GMN-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>(IFP App - Dkt. #1) |

Plaintiff Robin M. Lee is a detainee in the Clark County Detention Center proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on September 26, 2013. *Id.* This proceeding was referred to this Court by Local Rule IB 1-9.

Plaintiff filed the instant action against the Hawaii Bar Association, the State of Hawaii, the Governor of Hawaii, and other unnamed Defendants. Docket No. 1-1.[1] Plaintiff alleges that Defendants conspired to rob him upon his arrival in Nevada. *Id.* at 1. He alleges that they misinformed him that Steven Wynn and Donald Trump each owe Plaintiff $1 billion. *Id.* Plaintiff also alleges that Defendants are guilty of enslaving him. *Id.* at 2. Plaintiff seeks $100 million in damages, including $50 million for affidavits needed to support his "supernatural claim" against the Hawaii Bar Association. *Id.* Plaintiff alleges that Defendants have made him "mentally defective and ill on a 24 hour basis." *Id.* Lastly, Plaintiff

---

[1] This case is one of several brought by Plaintiff on the same day. *See, e.g.*, *Robin M. Lee v. Steven A. Wynn, et al.*, 13-cv-1776-JCM-NJK; *Robin M. Lee v. Alicia's Motel*, 13-cv-1777-JAD-NJK.

makes an overarching claim for $2.125 billion against Defendants. *Id.* at 3.[2]

I. *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them, as well as a certified copy of the trust fund account statement as required by § 1915(a)(2). Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

II. **Screening the Complaint**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's Complaint is clearly premised on a delusional factual scenario. *See Neitzke*, 490 U.S. at 327–28. Plaintiff seeks more than $2 billion based on claims that Defendants, *inter alia*, conspired to rob him after he left Hawaii, enslaved him, and falsely told him that Donald Trump and Steve Wynn each owe him $1 billion. He provides no factual details surrounding the claim, and fails to identify any law or

---

[2] Plaintiff's Complaint does not explicitly identify a cause of action, but his application to proceed *in forma pauperis* cites to 42 U.S.C. § 1983. *See* Docket No. 1 at 1.

legal theory under which he could recover. The alleged facts are irrational and wholly incredible, making a finding of frivolousness appropriate. It is clear that the deficiencies in the Complaint cannot be cured by amendment.

### III. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* be **GRANTED** and his Complaint dismissed **WITH PREJUDICE**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: October 1, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE